Sydney E. McKenna
Justin Starin
McKenna & Starin
815 E. Front Street, Suite 4A
P.O. Box 7009
Missoula, MT 59807-7009
Tel. (406) 327-0800
Fax (406) 327-8706

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| JOSE "LEO" JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY NORTHWEST INSURANCE CORPORATION,<br><br>Defendant. | Cause No.:<br><br>**COMPLAINT** |

## Background

¶1   The Plaintiff Jose "Leo" Jimenez submits this complaint against the Defendant Liberty Northwest Insurance Corp ("Liberty").

¶2   Leo is a citizen of the State of Montana and Liberty is a corporation incorporated under the laws of a State other than Montana and has its principal place of business in a State other than the State of Montana.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

1

¶3     Liberty maintains an office in Missoula, Missoula County, Montana.

¶4     On August 6, 2006, Liberty and Leo entered a contract that resolved their dispute regarding Leo's workers' compensation benefits (the "Contract").  Exhibit 1, attached.  In the Contract, Liberty promised that it would be responsible for sixteen hours per day of domiciliary care for Leo as prescribed by Leo's treating doctor, Burke Hansen, M.D.  Liberty promised to pay Leo's ongoing domiciliary care benefits for sixteen hours per day until medical information from Leo's treating physician established that Leo's medical condition improved so that a lesser number of daily domiciliary care hours or none are appropriate for Leo.  Liberty promised that Leo's current domiciliary caregivers, who include both family members and non-family members, are appropriate caregivers for Leo's domiciliary care needs pursuant to the opinion of Dr. Hansen.  Liberty agreed to hire Leo's caregivers as independent contractors.

¶5     After the Contract was signed, Liberty pursued a course of conduct to undermine the Contract.  Among other things, Liberty pressured Dr. Hansen and his staff in an attempt to convince Dr. Hansen to alter Leo's domiciliary care.  Liberty harassed and intimidated Leo and his caregivers with surveillance.

¶6     Liberty's conduct has caused Leo great distress.

\\\

## Breach of the Covenant of Good Faith and Fair Dealing

¶7    Under Montana law, every contract contains an implied covenant of good faith and fair dealing.  A breach of the covenant is a breach of the contract.  The covenant requires honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.  When a contract involves a special relationship, breach of the covenant gives rise to tort remedies.

¶8    The Contract involved a special relationship.  Liberty had (and has) an inherently unequal bargaining position over Leo.  The purpose of the Contract is to provide Leo with domiciliary care and to provide Leo with peace of mind, security, and future protection.  Ordinary contract damages are not adequate because they do not require Liberty to account for its actions (discussed above), and they do not make Leo whole (discussed below).  Because of his medical condition, Leo is especially vulnerable to harassment and intimidation.  Liberty was (and is) well aware of Leo's vulnerability.

## Emotional Distress

¶9    A person suffering harm as a result of the negligent or intentional infliction of serious or severe emotional distress by another person or corporation is entitled to recover damages for that harm.

¶10   When Liberty acted to undermine the Contract, it negligently or intentionally caused Leo serious or severe emotional distress.

## Constitutional Violations

¶11   The Montana Constitution protects a person's individual dignity, a person's privacy, and a person's right to be free of searches. "Invasion of individual privacy by a fellow citizen is a bad thing."[1] "The right to privacy-to be left alone-is precious."[2] And, "the dignity of the human being is inviolable."[3] These rights are self-executing and establish a cause of action for damages.

¶12   By attempting to convince Dr. Hansen and his staff to alter Leo's domiciliary care, by harassing and intimidating Leo and his caregivers with surveillance, Liberty has infringed on Leo's dignity, privacy, and his right to be free in his person.

## Exemplary Damages

¶13   Montana law provides for exemplary damages for actual malice.

¶14   Liberty knew that Leo was vulnerable and deliberately acted indifferently to the high probability that its harassment and intimidation would cause Leo harm.

\\\

---

[1] *Dorwart v. Caraway*, 2002 MT 240, ¶ 77, 312 Mont. 1, 58 P.3d 128.
[2] *Id*.
[3] Mont. Const. Art. II, § 4.

## Request

¶15   Leo requests judgment against Liberty as follows:

    a.   for Leo's detriment;

    b.   for exemplary damages; and

    c.   for other and further relief as the Court shall deem just and proper.

Dated this 22nd day of October 2014.

                                        /s/ Justin Starin
                                        Justin Starin Attorney
                                        McKenna & Starin
                                        P.O. Box 7009
                                        Missoula, MT 59807
                                        justin@mslawmt.com
                                        406-327-0800